GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

| | |
|---|---|
| STACY Y. MA | 10537-0 |
|    sma@goodsill.com | |
| EMMA R. CHRISTOPHERSON | 11551-0 |
|    echristopherson@goodsill.com | |

First Hawaiian Center, Suite 1600
999 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

Attorneys for Defendant
HILTON MANAGEMENT LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GABRIELA BERNARDIN AND MARK BERNARDIN,<br><br>            Plaintiffs,<br><br>  vs.<br><br>HILTON MANAGEMENT LLC; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10,<br><br>            Defendants. | CIVIL NO.<br><br>HILTON MANAGEMENT LLC'S NOTICE OF REMOVAL; EXHIBITS "A-C"; CERTIFICATE OF SERVICE. |

**HILTON MANAGEMENT LLC'S NOTICE OF REMOVAL**

Defendant HILTON MANAGEMENT LLC ("Hilton") hereby submits this Notice of Removal ("Notice"), petitioning the United States District Court for the District of Hawaii for removal of the above captioned action, Civil No. 1CCV-22-0000207, from the Circuit Court of the First Circuit, State of Hawaii, pursuant to 28 U.S.C. §§ 1332 (diversity of citizenship), 1441, and 1446, and submits a short and plain statement of the grounds for removal, as follows:

**A.   Introduction**

      1.   On March 4, 2022, Plaintiffs Gabriela Bernardin and Mark Bernardin ("Plaintiffs") filed a First Amended Complaint in the Circuit Court of the First Circuit, State of Hawaii (Civil No. 1CCV-22-0000207) against Hilton, Jane Does 1-10; Doe Partnerships 1-10; Doe Corporations 1-10; Doe Entities 1-10, alleging personal injuries and damages resulting from a trip and fall that allegedly occurred on August 20, 2021 at Hilton Hawaiian Village, located at 2003 Kalia Road, Honolulu, Hawaii 96815 ("HHV").  Attached hereto as Exhibit ("Exh.") "A" is a true and correct copy of the First Amended Complaint (the "Complaint").

      2.   The Complaint alleges five causes of action for: (1) Premises Liability; (2) Negligence; (3) Gross Negligence; (4) Negligent Infliction of Emotional Distress; and (5) Loss of Consortium.

      3.   Plaintiffs allege that Plaintiff Gabriela Bernardin was a registered guest at HHV when she "sustained injuries from a fall caused by a

defective tiled pathway from the pool area to the rideshare pick up zone[,]" and "while falling, Gabriela struck a wall, which resulted in shattering her right humerus." Exh. A ¶ 1. Further, Plaintiffs claim that Ms. Bernardin "was admitted to Kaiser Permanente San Leandro Medical Center ("Kaiser San Leandro") for six days. Due to the severity of the bone break, Kaiser San Leandro performed two surgical procedures to insert two plates and thirty-nine screws to stabilize the fractured humerus." Exh. A ¶ 12. Plaintiffs allege "Gabriela has continued to suffer pain and disability as a result of her injuries and has been unable to resume her employment[,]" and "[b]oth Plaintiffs have suffered loss of enjoyment of life and lost income due to Gabriela's sustained pain and diminished mobility." Exh. A ¶ 13.

**B.   Diversity of Citizenship**

   4. Based upon information and belief, Plaintiffs are domiciled in California. Plaintiffs allege in their Complaint that they are "citizen[s] of Fremont, California." Exh. A ¶¶ 4 and 5.

   5. Hilton is, and was at the time of Plaintiffs' alleged incident on August 20, 2021, the manager of HHV. Hilton is a Delaware limited liability company ("LLC") and has only one member, Hilton Domestic Operating Company Inc., a Delaware corporation with its principal place of business in Virginia.

6. Hilton is therefore deemed a citizen of Delaware and Virginia for purposes of 28 U.S.C. § 1332(a)(1). *See Michaels v. Longs Drug Stores Cal., LLC*, No. 14-00396 ACK-KSC, 2014 WL 5488434, at *2 (D. Haw. Oct. 8, 2014) ("LLCs are citizens 'of every state of which its owners/members are citizens.'") (quoting *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)).

7. All other defendants are fictitiously named: Jane Does 1-10; Doe Partnerships 1-10; Doe Corporations 1-10; Doe Entities 1-10. The citizenship of defendants sued under fictitious names shall be disregarded in determining whether an action is removable under 28 U.S.C. § 1332(a). 28 U.S.C. § 1441(b)(1).

C. **The Amount in Controversy is Satisfied**

8. Based on the allegations in the Complaint and the Request to Exempt Case from the Court Annexed Arbitration Program (the "Request"), it is facially apparent that the alleged amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. This Court "may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy" or "may consider facts in the removal petition[.]" *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

9. The Complaint alleges that "Plaintiffs have incurred significant medical expenses in excess of $120,000 and income loss." Exh. A ¶ 1.

10. In addition, Plaintiffs requested to exempt the case from the Court Annexed Arbitration Program ("CAAP") on March 4, 2022. Attached hereto as Exhibit "B" is a true and correct copy of the Request. The Request alleges the case "has a probable value in excess of the $150,000.00 jurisdictional amount for [CAAP]." Exh. B ¶ 5.

11. Accordingly, this Court has original jurisdiction of this action under 28 U.S.C. § 1332(a), and this action is one which may be removed to this Court by Hilton pursuant to 28 U.S.C. §§ 1441(a) and 1446, given that the action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

**D.    Process and Pleadings**

12. This Notice is timely filed within thirty (30) days of Plaintiffs' service of the Complaint on Hilton. 28 U.S.C. § 1446(b)(1).

13. On March 11, 2022, Hilton filed an acknowledgement of service of the First Amended Complaint. Exh. C.

14. The United States District Court for the District of Hawaii "embrace[es] the place where [the State court] action is pending," and therefore is

the proper District Court to which this case should be removed pursuant to 28 U.S.C. § 1441(a).

15.  By removing this action, Hilton does not waive any defenses available to it.

16.  By removing this action, Hilton does not admit any of the allegations in Plaintiffs' Complaint.

17.  This short and plain statement of the grounds for removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Hilton prays that the above-entitled action be removed from the Circuit Court of the First Circuit, State of Hawaiʻi to the United States District Court for the District of Hawaiʻi.

DATED: Honolulu, Hawaii, March 14, 2022.

/s/ *Stacy Y. Ma*
STACY Y. MA
EMMA R. CHRISTOPHERSON

Attorneys for Defendant
HILTON MANAGEMENT LLC